UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FANT, et al., | No. C 06-2206 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANT RSVP'S MOTION TO DISMISS CLAIMS BY PLAINTIFF GARY FANT** |
| v. | |
| RESIDENTIAL SERVICES VALIDATED PUBLICATIONS, et al., | |
| Defendants. | |

On June 29, 2006, the Court heard argument on the motion by defendant Residential Services Validated Publications ("RSVP") to dismiss the claims against it brought by plaintiff Gary Fant. The motion is based on lack of jurisdiction and failure to state a claim. Having carefully considered the moving and opposing papers and the arguments of counsel, and for the reasons set out below, the motion is GRANTED.

**BACKGROUND**

This case arises from the long and complicated history of a plot of land known as 416 Corson Avenue, located in Modesto, California. For many years, it appears that this land, along with the neighboring plots at 408 and 412 Corson Avenue, were used for Fairmont Residential Care, a convalescent facility. Def. Req. for Judicial Notice, Exh. C at 2.[1] Plaintiff Gary Fant apparently owned and operated Fairmont Residential Care between 1998 and 2002. *See id.*

Fant originally acquired 416 Corson in late 1998, at which time he took out a loan for $243,200

---

[1] Both Fant and RSVP have requested that the Court take judicial notice of a number of documents. As these requests are unopposed, the Court GRANTS the requests (Docket No. 4 (part 4) and No. 16).

secured by a deed of trust on the property from a lender named H.F. Data. Compl., ¶ 7. In 2002, Fant sold Fairmont Residential Care to co-plaintiffs Benny Yadao, Procsy Yadao, and the Benny and Procsy Yadao Family Trust (collectively, "Yadao") for $1.67 million. Def. Req. for Jud. Notice, Exh. C at 2. Yadao assumed the existing mortgages on the three properties, and also signed a promissory note to Fant for $928,295, secured by a second deed of trust on all three parcels. *Id.* Yadao did not make any payments on Fant's promissory note, and apparently also made no payments on the note belonging to H.F. Data. *Id.* Thus, both Fant and H.F. Data moved to foreclose on the property. *Id.* Following a court proceeding in which the foreclosure sales were enjoined to protect the residents of Fairmont Residential Care, Fant foreclosed on the property. *Id.* On July 11, 2003, he successfully bid at a trustee's sale and obtained title to all three parcels. *Id.* Fant did not, however, pay off the H.F. Data loan on the property at 416 Corson.

The day before Fant held his trustee's sale, H.F. Data sold its promissory note to defendant Jamke. Soon thereafter, Jamke initiated foreclosure proceedings against the property, hiring a company named Standard Trust Deed Service Company to conduct the foreclosure sale. Compl., ¶ 12. Standard Trust in turn hired defendant Residential Services Validated Publications ("RSVP"). *Id.*

Jamke's foreclosure sale was first scheduled to take place on August 18, 2003. Compl., ¶ 12. On that date, however, Yadao filed for bankruptcy, and listed among its assets the properties at "408-416 Corson Avenue." Def. Req. for Judicial Notice, Exh. B. Jamke's foreclosure sale was therefore delayed for several months and was not held until November 12, 2003. On that date, a foreclosure sale was held and Jamke acquired the property at 416 Corson for $267,000, representing just 34% of plaintiff's estimate of its $795,000 market value. Compl., ¶ 20-21.

Plaintiff now brings this lawsuit in an effort to dispute the validity of Jamke's foreclosure proceedings. His primary argument is that the proceedings were not conducted in compliance with California Civil Code § 2924g, which regulates the notice that must be given for foreclosure sales. Fant claims that the Jamke foreclosure was continued five times without being renoticed, when § 2924g requires that a foreclosure sale be renoticed after it is continued three times.[2] The statute contains an

---

[2]Section 2924g has since been significantly revised.

1 exception, however, exempting postponements due to the sale "being stayed by operation of law" from
2 the total number of postponements. Thus, Fant seeks a declaration that the stay imposed by the
3 bankruptcy court in connection with Yadao's bankruptcy did not apply to the property at 416 Corson.
4 If Fant is correct, then Jamke's foreclosure sale did not comply with § 2924g. If, however, the
5 bankruptcy stay did apply to the property, then Jamke's sale procedures were appropriate.

Fant's complaint contains four causes of action, two based on federal law and two based on state law; defendants include RSVP, Jamke, and others. The complaint also contains two causes of action brought only by Yadao against Jamke and others, seeking damages for malicious prosecution.[3] RSVP, which is not a defendant in Yadao's claims, now moves to dismiss Fant's claims for lack of subject matter jurisdiction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where, as here, a party asserts federal question jurisdiction, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (internal quotation marks omitted). In other words, "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.*

If subject matter jurisdiction exists over one or more claims, a federal court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A district court has discretion to hear such claims "where there is a substantial federal claim arising out of a common nucleus of operative fact." *Hoeck v. City of*

---

[3] The two causes of action brought by Yadao did not name RSVP as a defendant. Because RSVP is not a defendant in these claims, this motion to dismiss does not discuss them.

3

*Portland*, 57 F.3d 781, 785 (9th Cir. 1995). If "state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for failure to state a claim. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

## DISCUSSION

Fant's first and second causes of action purport to raise federal questions. RSVP claims, however, that neither cause of action actually sounds in federal law.

### 1.    First Cause of Action – Declaratory Relief

Fant's first cause of action is for a declaratory judgment that "the automatic stay provisions of 11 U.S.C. § 362 do not apply to a foreclosure proceeding instituted by a lender against a non-debtor." Compl. at 24. If Fant succeeds on this argument, he intends to use it in support of his third cause of action for wrongful foreclosure.

Fant's first cause of action fails to provide this Court with jurisdiction because it violates the well-pleaded complaint rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* "In determining whether a declaratory judgment action presents a federal question, [courts] look either to the defendant's

4

threatened action or to the plaintiff's claim, construed as a complaint for coercive relief." *Yokeno v. Mafnas*, 973 F.2d 803, 807 n.2 (9th Cir. 1992). Here, plaintiff's claim is for wrongful foreclosure. Thus, the Court must determine whether Fant's claim for wrongful foreclosure "necessarily rests on resolution of a substantial federal issue." *Id.*

Under this standard, it is clear that Fant's claim does not raise a federal question. In order to vindicate his rights under the California foreclosure scheme, Fant must only prove that he owned the property, that Jamke foreclosed on it, and that Jamke postponed its sale more than three times without re-noticing the sale. Fant's declaratory judgment action is an attempt to preemptively attack what he perceives as Jamke's primary defense: that postponements made while a bankruptcy stay is in effect do not count towards the total number of postponements under § 2924g. *See* Cal. Civil Code § 2924g(c)(1), (2). Thus, Fant has artfully pled Jamke's anticipated defense – that three of its postponements do not count under the statute. This is insufficient to confer federal jurisdiction. *See Republican Party of Guam*, 277 F.3d at 1091-91.

**2.      Second Cause of Action – Due Process Challenge**

Fant's second purported federal claim is his second cause of action, which seeks a declaratory judgment that the postponement procedures set forth in § 2924g(d) violate his Fourteenth Amendment rights. Specifically, Fant claims that the provisions of § 2924g(d) that allow a trustee to postpone a foreclosure sale based on nothing more than oral notice violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

While this claim raises a federal question, it must be dismissed for failure to state a claim. Numerous courts have reviewed similar challenges to non-judicial foreclosure schemes, and all have concluded that state regulation of non-judicial foreclosure does not constitute state action sufficient to invoke the Fourteenth Amendment. In the Ninth Circuit, the most recent of these decisions was *Apao v. Bank of New York*, 324 F.3d 1091 (9th Cir. 2003), which involved a challenge to Hawaii's non-judicial foreclosure statute. After reviewing the history of the Fourteenth Amendment's state action requirement, the court concluded that statutes regulating non-judicial foreclosure are insufficient to convert such foreclosure into state action. *See id.* at 1094 ("As a number of circuits have noted,

5

self-help foreclosure remedies have existed since early in the common law, and thus one cannot say that the power of foreclosure is one traditionally belonging only to the government."). Indeed, the Court warned of the consequences of finding state action in statutes such as California's:

> To hold that the state, by recognizing the legal effect of those arrangements, converts them into state acts for constitutional purposes would effectively erase . . . the constitutional line between private and state action and subject to judicial scrutiny under the Fourteenth Amendment virtually all private arrangements that purport to have binding legal effect.

*Id.* (quoting *Barerra v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1170 (5th Cir. 1975)).

As with Hawaii's non-judicial foreclosure scheme, California's system of non-judicial foreclosure fails to involve state action. *See Davidow v. Lachman Bros.*, 76 F.2d 186, 188 (9th Cir. 1935); *cf. Garfinkle v. Superior Court*, 21 Cal. 3d 268, 281 (1978) (concluding that California's non-judicial foreclosure scheme does not involve state action). Accordingly, the Court DISMISSES Fant's second cause of action for failure to state a claim.

### 3. Supplemental Jurisdiction

Finally, Fant argues that this Court should exercise supplemental jurisdiction over his state law claims. Fant's only cause of action that raises a federal question, however, fails to raise a substantial federal question. Thus, the Court declines to exercise supplemental jurisdiction over Fant's state law claims. *See Hoeck*, 57 F.3d at 785 (supplemental jurisdiction may be exercised where other claims raise a substantial federal question).

Fant also claims that the Court may exercise supplemental jurisdiction over his claims against RSVP because the Court has subject matter jurisdiction over the fifth cause of action contained in the complaint, which seeks damages under 11 U.S.C. § 362(h).[4] This cause of action is brought by Yadao

---

[4] Section 362(h) reads: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). In 2005, the bankruptcy code was substantially revised, and § 362(h) was modified and relabeled § 362(k)(1). The Court will refer to this section as § 362(h) because both parties agree that the prior version of the statute controls this case.

RSVP suggests that this Court lacks jurisdiction over Yadao's cause of action under § 362(h) because such an action should be heard in the Bankruptcy Court that imposed the stay. Such an interpretation, however, appears to be incorrect. *See Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342 (11th Cir. 2005) (holding that district courts have jurisdiction over causes of action under § 362(h); *Rein*

United States District Court
For the Northern District of California

1  against Jamke and others, but not RSVP.

2  Supplemental jurisdiction is conferred by 28 U.S.C. § 1367, which provides district courts with 3 jurisdiction over "all other claims that are so related to claims in the action within [the Court's] original 4 jurisdiction that they form part of the same case or controversy under Article III of the United States 5 Constitution." In evaluating whether a cause of action falls under a court's supplemental jurisdiction, 6 the key inquiry is whether the claims "derive from a common nucleus of operative fact" such that a 7 plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Trustees of* 8 *Construction Industry and Laborers*, 333 F.3d 923, 925 (9th Cir. 2003); *Mendoza v. Zirkle Fruit Co.*, 9 301 F.3d 1163, 1173 (9th Cir. 2002).

10  Here, the causes of action are simply not related enough to fall under this Court's supplemental 11 jurisdiction. To begin with, Fant is not joined as a plaintiff in either of Yadao's causes of action, nor 12 is RSVP named as a defendant. More importantly, aside from the fact that contested property was 13 claimed by Yadao's bankruptcy estate for a time, Yadao's cause of action has nothing to do with Fant. 14 Yadao's causes of action are brought to recover damages it incurred in defending against Jamke's 15 lawsuit. It seeks to recover these damages through causes of action under § 362(h) and wrongful 16 prosecution. The operative facts will be the existence of the bankruptcy stay, whether Jamke filed a 17 lawsuit, and Jamke's intent. These facts are completely disconnected from Fant's claim. Further, the 18 November 2003 foreclosure of the contested property, central to Fant's claims, is not an operative fact 19 for Yadao's causes of action. Thus, the Court finds that supplemental jurisdiction will not support 20 jurisdiction over Fant's state claims.

23  ///

24  ///

## CONCLUSION

26  For the foregoing reasons and for good cause shown, the Court hereby GRANTS RSVP's motion

---

28  *v. Providian Financial Corp.*, 270 F.3d 895 (9th Cir. 2001) (reversing district court's finding that former bankruptcy debtors lacked standing to assert a cause of action under § 362).

7

United States District Court
For the Northern District of California

to dismiss (Docket No. 4), and dismisses the First, Second, Third and Fourth Causes of Action.

**IT IS SO ORDERED.**

Dated: June 29, 2006

_____
SUSAN ILLSTON
United States District Judge